1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAFAEL A. MEJIA,<br><br>         Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES,<br><br>         Respondent. | Case No. 2:21-cv-01490-JWH-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

On January 31, 2021,[1] Petitioner Rafael A. Mejia ("Petitioner"), a California state prisoner, constructively filed a "Petition for Writ of Habeas Corpus" using a California state court form (Dkt. 1, "Petition" or "Pet.") in

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the date the petition is signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, the Court will afford Petitioner the benefit of the mailbox rule and deems the Petition to have been "filed" on January 31, 2021, the date corresponding to the signature date on the Petition and the attached "Proof of Service."

the United States District Court for the Eastern District of California ("Eastern District"). On February 17, 2021, the Eastern District transferred the action to this Court. Dkt. 2. The Court has screened the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and finds that it appears to suffer from several defects requiring dismissal. The Court thus orders Petitioner to show cause why this action should not be dismissed.

## I.
## PROCEDURAL HISTORY

On June 1, 2007, in Los Angeles County Superior Court, Petitioner entered pleas of nolo contendere to multiple counts of lewd or lascivious acts upon a child under 14 years of age under Cal. Penal Code § 288. Pet. at 2, 8, 10 (CM/ECF pagination). On December 11, 2008, Petitioner was sentenced to 20 years in state prison. Id. at 2. Petitioner attests that he did not appeal his conviction or seek habeas relief in state court. Id. at 5-6.

As noted, Petitioner constructively filed the Petition on January 31, 2021. By the Petition, Petitioner challenges only his underlying "conviction" and "sentence." See Pet. at 2.

## II.
## PETITIONER'S CLAIMS

Petitioner's grounds for relief are difficult to decipher. As best the Court can discern, Petitioner alleges the following:

1.  In Ground One, Petitioner claims (1) he did not receive "subpoena or warrant, court ordered signed by Judge"; (2) he was "arrested handcuff[ed] without reading [his] Miranda right and to have counsel, false allegation during interrogation – police misconduct"; (3) "District Attorney – didn't investigate the allegation nor having grand jury to indict[] but using his power

to convict"; (4) "Public defender – Since [Petitioner] met him all she knows is to get the deal if not you get life sentence on prison and die in Prison" and he "was forced to sign[] the deal because of the threat everytime she see [him] and even given [him] advice[] that [he] could get the most two or 3 years"; (5) Petitioner was subjected to racial discrimination in violation of his due process and equal protection rights; and (6) he is at "high risk" of Covid-19 and is still being held "even though the new law to release high risk" inmates. Pet. at 3.

  2  In Ground Two, Petitioner claims: (1) he was not informed of his Miranda rights when he was arrested and interrogated; (2) his trial counsel denied his request for a DNA expert to examine the accuser; (3) during sentencing, the trial court never confirmed that he understood the plea agreement and that his plea was voluntary; and (4) he was sentenced to a longer sentence than his trial counsel "promised."[2] Pet. at 4.

### III.
### DISCUSSION

Under Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal for five reasons: (1) Petitioner has not submitted his Petition on the form habeas petition approved by the Central District of California; (2) the Petition does not name a proper respondent; (3)

---

[2] Petitioner also vaguely alleges that he was attacked while in prison. Pet. at 4. It is unclear whether Petitioner seeks to pursue this claim as it does not challenge either his conviction or sentence. In any event, this claim, which challenges his conditions of confinement, would not be cognizable on federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

the Petition is unexhausted; (4) the Petition is untimely; and (5) Petitioner did not pay the required filing fee or seek leave to proceed in forma pauperis. The Court will address each defect in turn.

### A. Failure to Use the Court-Approved Form

First, the Petition has not been submitted on the form approved by the Central District of California. Rule 2(d) of the Habeas Rules authorizes district courts to require that habeas petitions be filed in a form prescribed by the Local Rules. This Court has such a Local Rule. See Central District Local Civil Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition is subject to dismissal for failure to properly use a Court-approved form.

### B. Failure to Name a Proper Respondent

Second, the Petition fails to name an appropriate respondent. Typically, the proper respondent for a habeas petition is the warden of the facility in which the petitioner is incarcerated. See Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended); see also Rule 2(a), Habeas Rules. The Ninth Circuit has held the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley, 21 F.3d at 360. Here, Petitioner names the "Superior Court of California County of Los Angeles" as the respondent, not the warden of the facility where Petitioner is currently incarcerated.

### C. The Petition Is Unexhausted

Third, under 28 U.S.C. § 2254(b), habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented

in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Under 28 U.S.C. § 2254(b)(1), a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, Petitioner claims he has not appealed his conviction or filed any habeas petitions in the state courts. See Pet. at 5-6.[3] As such, the Petition is wholly unexhausted, rendering the Petition subject to dismissal.

///

---

[3] The Court notes that California state court records available electronically appear to reflect that Petitioner may have filed several habeas petitions in the California Court of Appeal and California Supreme Court in 2009 and 2010. See Appellate Courts Case Information at https://appellatecases.courtinfo.ca.gov. Petitioner does not identify any of these petitions in the instant Petition. To the extent Petitioner contends he has sought relief in the state courts, Petitioner is directed to provide information regarding those efforts as provided below.

### D. The Petition Appears Untimely

Because the Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner does not appear to contend that he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(B)-(D), and the Court finds no basis for applying a later trigger date. As such, Section 2244(d)(1)(A) governs in this case.

As explained, Petitioner did not appeal his conviction and sentence, entered on December 11, 2008. As a result, the conviction became final on February 9, 2009 – 60 days later – when the time to file an appeal expired. See Cal. R. Ct. 8.308(a); see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA's one-year limitations period expired one year later on February 9, 2010. Petitioner did not constructively file his Petition until January 31, 2021. Thus, absent tolling, the Petition is untimely by almost 11 years.

#### 1. Statutory tolling does not render the Petition timely.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date a judgment becomes final and the date the petitioner files his first state collateral challenge because during that time there is no case

"pending." See Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012).

Here, Petitioner attests he filed no state habeas petitions, much less any prior to the running of the AEDPA's one-year limitations period. Thus, he is entitled to no statutory tolling.

        2.       <u>Equitable tolling does not render the Petition timely.</u>

In addition to statutory tolling, the AEDPA's one-year limitations period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (as amended) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not appear to render the Petition timely.

    **E.**    **Petitioner Did Not Pay the Applicable Filing Fee or Seek Leave to Proceed In Forma Pauperis**

Finally, Petitioner did not pay the $5 filing fee for a federal habeas petition (see 28 U.S.C. § 1914(a)) and did not alternatively file an application to proceed without prepayment of the filing fee ("IFP Application") as required by 28 U.S.C. § 1915. The Clerk is directed to send Petitioner a form

IFP Application by a person in custody, which Petitioner is required to prepare in full, and obtain any necessary information and certification from staff at the facility where he is incarcerated if he wishes to proceed without prepayment of the filing fee.

## IV.
## ORDER

Accordingly, based upon the Petition currently submitted, the Petition is untimely by more than 10 years. District courts are permitted to consider, sua sponte, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. Day v. McDonough, 547 U.S. 198, 209-10 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012). The Petition also appears unexhausted, does not name a proper respondent, was not accompanied by a proper filing fee or application to proceed in forma pauperis, and was filed on the wrong form. Depending upon Petitioner's response as directed below, the Court may order further proceedings with respect to the issues of exhaustion, naming the proper respondent, paying filing fees, and using the correct form.

Therefore, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely. By **no later than thirty (30) days from the date of this Order,** Petitioner shall file a response to this Order. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and provide any available competent evidence that establishes the timeliness of this action, including information regarding any habeas petitions he has filed in the state courts.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk is directed to provide a Notice of Dismissal form. However,

the Court warns any dismissed claims may be subject to the statute of limitations under Section 2244(d)(1).

The Court warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely and for failure to prosecute and comply with court orders. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: February 25, 2021

JOHN D. EARLY
United States Magistrate Judge